# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
M.D., a minor,                          *
by his mother and next friend,          *        No. 10-611V
ROSEMARY DILASCIO,                       *        Special Master Christian J. Moran
                                        *
              Petitioner,                *
                                        *        Filed: January 4, 2018
v.                                       *        Reissued: February 28, 2018
                                        *
SECRETARY OF HEALTH                      *        Attorneys' fees and costs; waiver
AND HUMAN SERVICES,                      *
                                        *
              Respondent.                *
* * * * * * * * * * * * * * * * * * * *
```

Corey B. Kaye, Kaye & Lenchner, Mineola, NY, for petitioner;
Glenn A. MacLeod, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After her petition was dismissed from the Vaccine Program, Rosemary Dilascio filed a motion for attorneys' fees and costs. Ms. Dilascio is awarded the full amount of her request, **$96,299.77**.

\* \* \*

Ms. Dilascio alleged that various vaccinations caused M.D. to suffer an encephalopathy and a subsequent seizure disorder. Ms. Dilascio eventually decided to not proceed to a scheduled entitlement hearing and ultimately submitted

---

[1] After this decision was issued on January 4, 2018, Ms. Dilascio moved to redact the decision. The motion was granted in so far as it sought to replace her son's name with initials. The decision is now being made available to the public pursuant to the E-Government Act, 44 U.S.C. § 3501 note (2012).

her case for consideration based on the record on April 20, 2017. Her petition was then dismissed for insufficient proof. Decision, issued Apr. 26, 2017, 2017 WL 3600575. With the merits of Ms. Dilascio's case resolved, the parties addressed attorneys' fees and costs.

Ms. Dilascio filed an attorneys' fees and costs petition on November 21, 2017, requesting $57,750.00 in fees and $38,549.77 in costs. Ms. Dilascio did not incur any costs personally. Gen. Order No. 9 Statement, filed Jan. 3, 2018.

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Dec. 11, 2017, at 2. The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award. Id. at 3.

This matter is now ripe for adjudication.

*     *     *

Because Ms. Dilascio did not receive compensation, she must establish that the "petition was brought in good faith and there was a reasonable basis for the claim" before she can receive an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e)(1). As noted above, the Secretary believes that the statutory requirements for an award of attorneys' fees and costs (by implication, good faith and reasonable basis) have been met.

Because good faith has not been challenged nor does any evidence exist to question it, the undersigned finds that the petition was filed in good faith. The undersigned finds that the medical records and the expert report submitted by Ms. Dilascio are sufficient to support a finding of reasonable basis. Accordingly, due to the findings of good faith and reasonable basis, Ms. Dilascio is eligible for an award of attorneys' fees and costs.

Pursuant to the rationale established in Swintosky, the undersigned finds that the Secretary has waived any objections to the amount of fees requested. No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017).[2] Absent any

---

[2] In Swintosky, the Secretary submitted a joint notice of decision not to seek review and did not challenge the undersigned's finding of waiver.

2

objections, Ms. Dilascio's request for attorneys' fees and costs is GRANTED IN FULL:

**A lump sum of $96,299.77 in the form of a check made payable to petitioner and petitioner's attorney, Corey B. Kaye.**

This amount represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.